McKinney J.,
delivered the opinion of the Court.
Benjamin Hubbard died in 1834. He was the owner, at the time of his death, of an occupant right, to 160 acres of land in Obion county.''
His widow was duly qualified as executrix of his will. She received money and assets of the estate, but up to the filing of this bill, in 1857, failed to settle her administration account, and discharge herself of the trust. t It appears that said executrix, on the 7th of March, 1846, caused said lands, to which the testator *362 had an occupant right, to be entered in her own name, and procured a grant in her own right, and afterwards, by her will, devised the same to two of her children— the defendants, Evelina and Catharine.
This was a direct violation of the act of 1843, ch. 8, sec. 4. By this act it is provided, that in all cases where an occupant claimant, south and west of the Congressional Reservation Line, “ may have heretofore died, or may hereafter die, without having perfected his title .to his occupant claim, it shall he the duty of the administrator or executor, by the use of the first money which shall come to his hands, to perfect the title to the occupant claim of his testator or intestate, in the name and for the use of the heirs at law of such decedent claimant,” &c.
This act, it will be observed, is retrospective; and, therefore, there is nothing in the argument, that the testator had no transmissible interest in the occupancy claim at the time of his death — the statute not having-been passed until some eight years after the qualification of the executrix. If she had closed her administration, and been discharged of the trust, prior to the passage' of the act, of course she would have been free from the duty imposed by the statute. But she failed to do so — the trust remained — and having funds of the estate in hands, it was her imperative duty to have perfected the title, as provided by the act of 1843. The attempt to appropriate the land to her own use, was a gross breach of trust, and a fraud upon the rights of the heirs. She must, consequently, be held to have taken the legal title as trustee for the heirs, and her devisees stand in no better condition. The decree di *363 vesting them of the title to eight-tenths of the land, was, therefore, proper. The decree is also correct in declaring, that, under the fourth item of the will, the widow to oh only a life interest.
Decree affirmed.